UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )          CIVIL ACTION
In the matter of                      )          No.
JAMES R. SILVER, as owner of      )
The M/V SEA-RENITY NOW (O.N. 1212716),  )
a 1963 (2021) Bertram 31 Flybridge Cruiser  )
Sport Fisherman, for Exoneration from     )
or Limitation of Liability.              )          IN ADMIRALTY
_____)

## VERIFIED COMPLAINT

Plaintiff, James R. Silver ("Silver"), as owner of the M/V SEA-RENITY NOW (O.N. 1212716), a 1963 (2021) Bertram 31 Flybridge Cruiser Sport Fisherman vessel petitions this Honorable Court for Exoneration from or Limitation of Liability pursuant to the Limitation of Shipowner's Liability Act of 1851, 46 U.S.C. §§ 30501 through 30502, and Supplemental Rule F of the Federal Rules of Civil Procedure, averring as follows:

### JURISDICTION

1. This is a Complaint for Exoneration from and/or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 et seq. and Supplemental Admiralty Rule F. This Court has admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

### VENUE

2. Venue is proper in the District of Massachusetts pursuant to Supplemental Rule F(9) because the SEA-RENITY NOW is located in this district, and SEA-RENITY NOW has not been arrested or attached in any other district at this time.

### PARTIES

3. James Silver is the owner of the SEA-RENITY NOW and resides in Kemah, Texas.

4.  Mattapoisett Boat Yard is a boat yard with a principal of in Mattapoisett, Massachusetts.

## STATEMENT OF FACTS

5.  On August 3, 2022, Silver had issues starting the motors of M/V SEA-RENITY NOW.

6.  On August 10, 2022, Silver had the M/V SEA-RENITY NOW towed to the Mattapoisett Boatyard to have the fuel tank replaced so that he could continue to use the boat during the 2022 season.

7.  At all material times prior to the incident, the M/V SEA-RENITY NOW and its appurtenances were seaworthy, tight, staunch, strong and fit.

8.  On August 19, 2022, an employee of the Mattapoisett Boatyard used a power tool to remove the fuel tank from the M/V SEA-RENITY NOW.

9.  During the removal process an explosion occurred destroying M/V SEA-RENITY NOW as well as much of Mattapoisett Boatyard.

10. At the time of the explosion, Silver was several miles away in another port.

11. Any and all death, injuries, damages, and losses claimed to have resulted therefrom, were not caused or contributed by any breach of applicable statutes or regulations, or any unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of the M/V SEA-RENITY NOW or Silver.

12. Alternatively, any breach of applicable statutes or regulations, or any unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of the M/V SEA-RENITY NOW or Silver that might have contributed to any and all alleged injuries, damages, and losses were occasioned and incurred without the privity or knowledge of Silver and/or were occasioned and incurred due to the fault of third-parties for which Silver is not responsible.

13. Pursuant to Supplemental Rule F(1), this Complaint is timely filed.

14. Silver does not know the exact total amount of the claims that may be made for death, injuries, damages, and losses that resulted from the explosion but believes it to be in excess of eighty (80) claims.

15. Silver expects that formal claims based on those injuries, damages, and losses will be presented in due course and that the total claims will exceed the limitation fund.

16. The post-casualty value of the M/V SEA-RENITY NOW is $0.00 as can be seen below.



**EXONERATION/LIMITATION**

17. Silver seeks exoneration from liability for any and all death, injuries, damages, and losses of any kind arising from the incident onboard the M/V SEA-RENITY NOW, as well as

any other claimed losses incurred by others that have been and/or may hereafter be made and avers that he has valid defenses on the facts and the law.

18. Silver alternatively seeks limitation of his liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et. seq.*, Supplemental Rule F, and the various statutes amendatory thereof and supplementary thereto and case law to that end, he files herewith a Stipulation re Security for Value of his Interest in the M/V SEA-RENITY NOW equal to $250.00, for payment into Court as ordered.

### RELIEF SOUGHT

WHEREFORE Plaintiff, Silver requests the following relief:

1. The Court approve Plaintiff's Security for costs ($250.00) which represents (a) the zero value of the M/V SEA-RENITY NOW after the August 19, 2022 explosion and (b) Plaintiff's obligation to give costs, in compliance with Supplemental Rule F(1) of the Federal Rules of Civil Procedure and Local Admiralty Rule F(1);

2. That on approving that security, the Court enter an injunctive order pursuant to Supplemental Rule F(3) and 46 U.S.C. § 30511(c) ceasing and enjoining all lawsuits, causes of action, and claims against Plaintiff and their property arising from the August 19, 2022, incident, except in this civil action;

3. That Plaintiff's serve a copy of that injunctive order on the persons to be enjoined;

4. That the Court enter an order directing the issuance of a notice to claimants, pursuant to Supplemental Rule F(4);

5. That the Court adjudge Plaintiff not liable for any and all injuries, damages, or losses arising from the loss and other losses sustained but if Plaintiff are held liable in any part, his liability shall be limited at a maximum to the value of the M/V SEA-RENITY NOW

after the August 19, 2022, incident, and that Plaintiff be discharged from any such

liability upon the surrender of such interest, and that the money surrendered, secured, or

to be paid as aforesaid be divided pro rata among such claimants as may duly prove their

claims, saving to all parties any priorities to which they may be legally entitled, and that

judgment may be entered discharging Plaintiff from all further liability; and

6.  That Plaintiff be provided such other and further relief as the Court may deem just and

proper.

Respectfully submitted,
JIM SILVER,
By his attorneys,

*/s/  David S. Smith*
David S. Smith, Esq. (BBO No. 634865)
FARRELL SMITH O'CONNELL
AARSHEIM APRANS LLP
27 Congress Street, Suite 109
Salem, MA 01970
Tel: 978-744-8918
dsmith@fsofirm.com

Dated: October 27, 2022

## VERIFICATION

I, James R. Silver being duly sworn depose and state:  I am the owner of the M/V SEA-RENITY
NOW  (O.N. 1212716), a 1963 (2021) Bertram 31 Flybridge Cruiser Sport Fisherman vessel.  I
have read the foregoing Complaint and know the contents thereof and the same are true of my
own knowledge, except as to those matters therein stated on information and belief, and as to
those matters, I believe it to be true.  Pursuant to 28 USC §1746, I, James Silver, declare under
penalty of perjury that the foregoing is true and correct.

Executed this 24 day of October, 2022.

/s/ James R. Silver
James R. Silver