

David J. Farrell, Jr.
David S. Smith*
Liam T. O'Connell
Kirby L. Aarsheim**
Olaf Aprans
J. Andrew Black**°

\* Also admitted in Maine
\*\*Also admitted in Rhode Island
° Of Counsel

ATTORNEYS AT LAW & PROCTORS IN ADMIRALTY

December 18, 2023
*Regular Mail*

Steven M. Cadieux Jr.
47 Boston Hill Road
Fairhaven, MA 02719

Re: **IN RE THE MATTER OF JIM SILVER, AS OWNER OF THE SEA-RENITY NOW (O.N. 1212716), A 30.3' RECREATIONAL VESSEL, FOR EXONERATION FROM OR LIMITATION OF LIABILITY.**
*United States District Court for the District of Massachusetts C.A. No.1:22-cv-11833-IT*

Dear Steven:

Pursuant to Federal Rule of Civil Procedure 26, please find the enclosed Request for Production of Documents. Within thirty (30) days please send your responses and the requested documents to:

**Farrell Smith O'Connell Aarsheim Aprans LLP
27 Congress Street,
Suite 508
Salem, MA 01970**

Very truly yours,

David S. Smith

Enclosure: Request for Production of Documents

cc: James Worley Lopez
Gerald Monchik, MD
Jason R. Dubreuil
William N. Farran III
Jane Hiller Farran
Eric L. Velte
Geoffrey C. Smith
Gregory E. Kelsey

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In the Matter of**<br><br>JAMES R. SILVER, as owner of the M/V SEA-RENITY NOW (O.N. 1212716), A 1963 (2021) Bertram 31 Flybridge Cruiser Sport Fisherman, for Exoneration from or Limitation of Liability. | Civil Action No.: 1:22-CV-11833-IT<br><br>In Admiralty |
| JAMES R. SILVER,<br>　　　　　　Counterclaim Plaintiff<br>v.<br>KAISER YACHTS, LLC,<br>MATTAPOISETT BOATYARD, INC.<br>And MBY REALTY TRUST<br>　　　　　　Counterclaim Defendant. | |

## REQUEST FOR PRODUCTION OF DOCUMENTS TO CLAIMAINT STEVEN M. CADIEUX, JR.

Pursuant to Fed.R.Civ.P. 34 and LR 26.5 and LR 34.1, please respond to the following Requests for Production together with a copy of the documents/things requested, at the offices of Farrell Smith O'Connell LLP, 27 Congress Street, Suite 109, Salem, MA 01970 at 10:00 a.m. within thirty (30) days from receipt hereof:

### DEFINITIONS

1) *Communication.* The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2) *Correspondence.* The term "correspondence" has the same meaning as *Communication* as defined above.

3) *Document.* The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and includes, without limitation electronically stored information (including email correspondence). A draft or non-identical copy is a separate document within the meaning of this term.

4) *Parties.* The terms "plaintiff" and "claimant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5) *Person.* The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

6) *Concerning.* The term "concerning" means referring to, describing, evidencing, or constituting.

7) *You.* "You" shall refer to the named claimant this Request for Production of Documents is directed to. Similarly, "Your" is to be construed as an extension of the word "you" and indicating a sense of "of or pertaining to". The words "you" and "your" shall be taken to include all agents, employees, servants, attorneys, investigators, consultants, and anyone else on "your" or their behalf.

8) *Event.* "Event" means the events at Mattapoisett Boatyard on or about August 19, 2022, which gave rise to this action.

9) *Equipment.* "Equipment" means all tools, devices, machinery, components, accessories, modules, and spare parts that is claimed by you to have incurred damage as a result of the Event.

## REQUESTS

1. All documents proving ownership of your Equipment including, but not limited to, its title, registration, sales documentation, purchase order, and bill of sale.

2. All documents that support your losses and damages you claim in connection with the Event.

3. Any and all records showing maintenance, repairs, betterments, improvements and work performed on, to, or for your Equipment from five (5) years prior to the Event until the time of trial, including without limitation, all receipts, invoices, work orders, purchase orders, bid proposals, bid materials, contracts, solicitations, awards, specifications, plans, inspection reports, engineering reports, damage reports, surveys, quotes, and copies of checks, bank statements, credit card statements, and any other like documents.

4. Any and all documentation, including correspondence, emails, letters, reports, related to your claim.

5. Any and all written claims documents concerning your Equipment, including, without limitation, any notice of loss, claim, correspondence, or any other like documents or communications, from the date of the Event to the time of trial.

6. All correspondence, including emails, text messages, WhatsApp messages, and social media messages, exchanged between you and Mattapoisett Boatyard, Inc., Kaiser Yachts, LLC, and/or MBY Realty Trust's representatives, owners, agents, contractors, and subcontractors concerning the damages you claim in this action.

7. Any and all photographs, videos, and surveys related to your Equipment from five (5) years prior to the Event until the time of trial.

8. All investigation reports of any municipal, state, and/or federal government entity including, but not limited to, any fire department, police department, Emergency Medical Services, and United States Coast Guard relating to your Equipment in connection with the Event.

9. Any and all documents, photographs, screenshots, slides, motion pictures, diagrams, maps, schematics, graphs, models, and other illustrative representations concerning any damage or repairs to your Equipment from five (5) years prior to the Event until the time of trial.

10. All log entries, diaries, owner reports, accident reports, injury reports, casualty reports or any other communication, written report, or statement concerning any damage, casualty, loss or allision concerning your Equipment from the date of the Event until the time of trial.

11. Any and all exhibits that may be introduced into evidence or chalks that may be used by you.

12. For each expert you may call to testify at trial, please provide their expert report, including, without limitation, the following:

    a. A complete statement of all opinions the expert will express and the basis and reasons for them;

    b. A complete statement of the facts or data considered by the expert in forming their opinion;

    c. Any exhibits that the expert may use to summarize or support their opinion;

    d. The expert's *curriculum vitaes*, resumes, and qualifications, including a list of all publications authored or co-authored in the previous 10 years;

    e. A list of all other cases in which, during the previous 4 years, the expert testified as an expert at trial or by deposition; and

    f. A statement of the compensation to be paid for the study and testimony of the subject matter of this action.

13. For each expert you may call to testify at trial, please provide all documents, materials, physical evidence, notes, files, communications, and records of any kind that the expert

considered, evaluated or reviewed in forming the basis of their opinion or that relate to the compensation for the expert's study and testimony.

14. All documents, notes, memoranda, drawings, measurements, and test results, which were prepared, written or produced by each expert witness you may call to testify at trial.

15. All documents concerning any fact which will be relied upon by any expert witness you may call at trial, when forming their opinion(s).

Respectfully submitted,
Plaintiffs,
By its attorney,

David S. Smith, Esq.
Bar No.: 634865
Farrell Smith O'Connell
Aarsheim Aprans LLP
27 Congress Street, Suite 109
Salem, MA  01970
Tel: 978-744-8918
e-mail: dsmith@fsofirm.com

**CERTIFICATE OF SERVICE**

I, David S. Smith, hereby certify that on December 18, 2023, I served this document upon all counsel of record via e-mail and via regular mail to all pro-se litigants.

David S. Smith