UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In the Matter of**<br><br>JAMES R. SILVER, as owner of the M/V SEA-RENITY NOW (O.N. 1212716), A 1963 (2021) Bertram 31 Flybridge Cruiser Sport Fisherman, for Exoneration from or Limitation of Liability. | Civil Action No.: 1:22-CV-11833-IT<br><br>In Admiralty |
| JAMES R. SILVER,<br>    Counterclaim Plaintiff<br>v.<br>KAISER YACHTS, LLC,<br>MATTAPOISETT BOATYARD, INC.<br>And MBY REALTY TRUST<br>    Counterclaim Defendant. | |

## INTERROGATORIES TO CLAIMANT STEVEN M. CADIEUX JR.

Pursuant to Fed. R. Civ. P. 26 and 33, the following Interrogatories are to be answered in writing under oath by the Claimant(s) to which they are directed to, within thirty (30) days from receipt hereof, and amended/supplemented seasonably thereafter.

## DEFINITIONS

1) *Communication.* The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2) *Document.* The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and includes, without limitation electronically stored information (including email correspondence). A draft or non-identical copy is a separate document within the meaning of this term.

3) *Identify (With Respect to Persons).* When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4) *Identify (With Respect to Documents)*. When referring to documents, "to identify" means to give, to the extent known, the

   a. type of document;
   b. general subject matter;
   c. date of the document; and
   d. author(s), addressee(s), and recipient(s).

5) *Identify (With Respect to Oral Communications)*. When referring to oral communications, "to identify" means to give, to the extent known,

   a. who made the communication and to whom it was directed;
   b. the communications specific subject;
   c. the date upon which the communication was made;
   d. who else was present when the communication was made, and;
   e. whether the communication was recorded, described or summarized in any writing of any type; if so, identify each such writing in the manner indicated below.

6) *Identify (With Respect to Written Communications)*. When referring to written communications, "to identify" means to give, to the extent known,

   a. the communication's nature, e.g., letter, memorandum, telegram, drawing, notes, email, etc.;
   b. the communication's specific subject;
   c. who made the communication and to whom it was directed;
   d. The date upon which the communication was made, and;
   e. Who has possession of the original and any copies.

7) *Identify (With Respect to Items)*. When referring to items, "to identify" means to give, to the extent known,

   a. the type of item (describing with reasonable particularity);
   b. the quantity of the item;
   c. the fair market value of the item;
   d. the identity of the person who owns the item;
   e. the identity of the person who possesses or maintains custody over the item; and
   f. the location of the item.

8) *State the Basis*. When an interrogatory calls upon a party to "state a basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

   a. identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the

      interrogatory;

    b. identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

    c. state separately each fact, the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

    d. state separately any other facts which form the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

9) *Parties.* The terms "plaintiff" and "claimant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

10) *Person.* The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

11) *Concerning.* The term "concerning" means referring to, describing, evidencing, or constituting.

12) *You.* "You" shall refer to the named claimants these Interrogatories are directed to. Similarly, "Your" is to be construed as an extension of the word "you" and indicating a sense of "of or pertaining to". The words "you" and "your" shall be taken to include all subrogors, agents, employees, servants, attorneys, investigators, consultants, and anyone else on "your" or their behalf.

13) *Event.* "Event" means the events at Mattapoisett Boatyard on or about August 19, 2022, which gave rise to this action.

14) *Vessel.* "Vessel" means the commercial vessels, fishing vessels, and/or recreational boats as well as all its equipment, appurtenances, and machinery that is claimed by you to have incurred damages as a result of the Event.

15) *Equipment.* "Equipment" means all tools, devices, machinery, components, accessories, modules, and spare parts that is claimed by you to have incurred damage as a result of the Event.

16) *Vehicle.* "Vehicle" means the car, truck, and/or motorcycle as well as all equipment appurtenances, and machinery that is claimed by you to have incurred damages as a result of the Event.

*17) Claimed Loss.* "Claimed Loss" means any real or physical property, including but not limited to, the Vessel(s), Equipment, and/or Vehicle(s), that are claimed by you to have incurred damages as a result of the Event.

## INTERROGATORIES

1. Please identify yourself by stating your full name, business address, business telephone number, age, present employment position and your employer.

2. Please identify all real or physical property that collectively constitutes your Claimed Loss.

3. Please describe in complete detail precisely where your Claimed Loss was located at the time of the Event.

4. Please describe in complete detail precisely how Plaintiff James R. Silver's actions were the actual and proximate cause of the damages you incurred following the Event.

5. If you claim that your loss was caused by an unseaworthy condition of the M/V SEA-RENITY NOW or its equipment, please describe the unseaworthy condition.

6. If you claim that the M/V SEA-RENITY NOW was defective, please describe the specific defects or the parts of the vessel and/or its equipment concerned and the manner in which these alleged conditions caused your loss.

7. Please provide a complete description of all repairs, maintenance, and any other services performed on your Vessel, Vehicle, and/or Equipment from five years prior to, and up until the Event.

8. Please provide the basis and reason why you believe the M/V SEA-RENITY NOW caused your loss.

9. If you intend to rely upon any documents or other tangible things regarding the Event, your Claimed Loss, the cause of the Event, liability and defenses, and/or that which tends to support a position that you have taken or intend to take in this action, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody, or control of them.

10. Based upon information you have acquired either directly or through communications with your agents, servants, employees, investigators, the Plaintiff, and/or any other person, please describe in detail your understanding of how the Event occurred, setting forth the date, location, time, weather conditions, sequence of events, and the cause (or causes) of said Event.

11. Identify all log entries, Coast Guard reports, accident reports, injury reports, captain's report, reports of crew members, investigative reports, or any other communications, writing, or report concerning the Event, stating for each, whether said report or writing was prepared in anticipation of litigation as defined by Fed.R.Civ.P. 26(B)(3).

12. Identify any communications, statements and/or admissions <u>made by the Plaintiff</u> to anyone concerning: the Event; the Plaintiff's damages, the cause of the Event, liability and defenses, and/or that which tends to support a position that you have taken or intend to take in this action, please include within your answer: the date said communication was made, where said communication was made, the precise contents of the communication and if said communication was written, recorded, or transcribed, please state the present location of said writing or transcription.

13. Identify all written reports, recorded conversations, and/or statements (signed or unsigned), and all memoranda of statements, made by any person at any time, relating to and/or regarding: the Event, your damages, the cause of the Event, liability and defenses, and/or that which tends to support a position that you have taken or intend to take in this action.

14. List each occasion (during the time period commencing five years prior to the date of the Event and extending through to the present), that your Claimed Loss was inspected and/or surveyed by any person other than yourself. Please include within your answer the date in which the inspection and/or survey occurred and identify the person who performed said inspection and/or survey.

15. If, with respect to the Event or your Claimed Loss, you claim that the Plaintiff was: contributorily negligent, failed to exercise reasonable care, breached a duty of care owed to himself and/or others, and/or failed to mitigate his damages, then please state the basis of each such claim.

16. Please state the basis of the affirmative defense(s) raised in your Answer to Plaintiff's Complaint.

17. Please state any or all actions you took to mitigate any damage to your Claimed Loss after the beginning of the Event but prior to the damages you claim to have incurred.

18. Regarding each expert witness whom you expect to testify at trial, please state the identity of all such expert witnesses, the subject matter on which each such expert may be expected to testify, the substance of all facts to which any such expert is expected to testify, the contents of all opinions to which each expert is expected to testify, a summary of the grounds for each opinion to which each such expert is expected to testify, the name of the parties, court, and docket number for any action wherein each expert has testified at deposition or at trial in the past four (4) years, a list of all publications and speaking events each expert has authored or

participated in the past ten (10) years, the basis upon which you contend each expert is qualified to testify (including, without limitation, a current copy of each expert's *curriculum vitae*), and a statement of each expert's compensation to be paid for the study and testimony in the case.

19. Please identify all persons who have knowledge of or who provided you information for any of your answers to the foregoing interrogatories.

Respectfully submitted,
Plaintiffs,
By its attorney,

/s/ *[signature]*

David S. Smith, Esq.
Bar No.: 634865
Farrell Smith O'Connell
Aarsheim Aprans LLP
27 Congress Street, Suite 109
Salem, MA  01970
Tel: 978-744-8918
e-mail: dsmith@fsofirm.com

## CERTIFICATE OF SERVICE

I, David S. Smith, hereby certify that on January 12, 2024, I served this document via e-mail to all represented parties and via regular mail to all pro-se litigants.

/s/ *[signature]*
David S. Smith