UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In the Matter of<br><br>JAMES R. SILVER, as owner of the M/V SEA-RENITY NOW (O.N. 1212716), a 1963 (2021) Bertram 31 Flybridge Cruiser Sport Fisherman, for Exoneration from or Limitation of Liability.<br><br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY, MATTAPOISETT BOATYARD, INC., KAISER YACHTS, LLC, MBY REALTY TRUST, JOHN KAISER, JR., as the Representative of the Clair B. Revokable Trust, and DAVID KAISER,<br><br>  Claimants / Third-Party Plaintiffs<br><br>  v.<br><br>COSMETIC BOAT REPAIR, INC., SOUTH TEXAS YACHT SERVICE, INC., and Z GLASSING, LLC,<br><br>  Third-Party Defendants,<br><br>*and related Fourth-Party Complaints, Cross-claims, and Counter-claims.* | Civil Action No. 1:22-cv-11833-IT |

MEMORANDUM & ORDER
August 9, 2024

TALWANI, D.J.

  Pending before the court are various motions related to this court's jurisdiction over Z

Glassing, LLC ("Z Glassing").

## I.      Background

This action involves numerous claims by and against multiple parties. Claims have been asserted against Z Glassing by: Atlantic Specialty Insurance Company ("Atlantic"), see Third-Party Complaint [Doc. No. 122] (the "Atlantic Complaint"); Mattapoisett Boatyard, Inc., Kaiser Yachts, MBY Realty Trust, and John Kaiser, Jr. (collectively, "MBY"), see Third-Party Complaint [Doc. No. 124] (the "MBY Complaint"); Preferred Marine Sales Group, Inc. ("Preferred"), see Cross-Claims [Doc. No. 127] (the "Preferred Cross-Claims"); Cosmetic Boat Repair, Inc. ("Cosmetic"), see Answer and Cross-Claims [Doc. No. 131] and Answer, Counter-Claim, and Cross-Claims [Doc. No. 139].

According to Atlantic and MBY, Z Glassing is a limited liability corporation organized in, and with its principal place of business in, Florida. MBY Compl. ¶ 10 [Doc. No. 124]; Atlantic Compl. ¶ 8 [Doc. No. 122]. Atlantic and MBY allege that in or about 2021, Third-Party Defendants—including Z Glassing—performed repairs to Petitioner James Silver's vessel, including installing a fiberglass fuel tank. MBY Compl. ¶¶ 14–15; Atlantic Compl. ¶¶ 11, 15–18. Atlantic and MBY allege further that on August 3, 2022, Silver's vessel experienced complications with its fuel system and Silver had the vessel towed to Mattapoisett Boatyard in Mattapoisett, Massachusetts. MBY Compl. ¶ 22.

On August 19, 2022, there was an explosion inside a building at Mattapoisett Boatyard, believed to have originated from Silver's vessel. Id. ¶ 25; Atlantic Compl. ¶ 10. The explosion and fire allegedly destroyed and/or damaged eight buildings, 47 motor vehicles, at least three houses, 28 boats, along with other machinery, equipment, and property stored in the Mattapoisett Boatyard. MBY Compl. ¶ 25.

MBY and Atlantic assert that the August 19, 2022 fire and explosion was caused by Third-Party Defendants' actions or omissions that led to the alleged unseaworthiness of Silver's

vessel. Id. ¶¶ 26–27; Atlantic Compl. ¶¶ 12–14, 25–27. MBY brings claims of negligence, contribution, and indemnity against the Third-Party Defendants, including Z Glassing. MBY Compl. ¶¶ 32–43. Atlantic brings a claim of negligence against the Third-Party Defendants, including Z Glassing. Atlantic Compl. ¶¶ 23–31.

Preferred brings Cross-Claims [Doc. No. 127] for indemnification, contribution, and negligence against the Third-Party Defendants, including Z Glassing. Cosmetic asserts cross-claims of indemnification and contribution against Z Glassing if Cosmetic were found liable to Atlantic, Ans. & Crosscl. 11–13 [Doc. No. 131], or to MBY, Ans., Countercl. & Crosscl. 17–18 [Doc. No. 139].

## II.     The Pending Motions

Z Glassing moved pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss for lack of personal jurisdiction the MBY Complaint, see Mot. to Dismiss [Doc. No. 141], and the Atlantic Complaint, see Mot. to Dismiss [Doc. No. 143]. In each motion, Z Glassing also requested that Cosmetic's Cross-Claims against it [Doc. Nos. 131, 139] be dismissed as derivative of MBY's and Atlantic's claims respectively. Mot. to Dismiss MBY Compl. 2 [Doc. No. 141]; Mot. to Dismiss Atlantic Compl. 2 [Doc. No. 144].[1]

Atlantic and Cosmetic did not respond to Z Glassing's motions and did not seek any extensions to do so.

MBY sought three extensions to file its response to Z Glassing's motion to dismiss, representing that the extensions were necessary because of counsel's litigation schedule and the investigation that need to be conducted but that the additional time to May 6, 2024, would be

---

[1] Z Glassing states that it has not moved to dismiss Preferred's Cross-Claims [Doc. Nos. 131, 139] because the Cross-Claims were filed before Z Glassing filed an appearance here and Preferred has not served the Cross-Claims on Z Glassing. See Z Glassing's Opp. to MBY's Mot. 2 n.1 [Doc. No. 168].

3

sufficient for MBY to prepare its response. See Mots. to Extend Deadlines [Doc. Nos. 148, 153, 156]. The court granted the motions, extending the deadline for a response to May 6, 2024. See Elec. Orders [Doc. Nos. 149, 154, 157]. On May 6, MBY filed a Motion for Leave to Conduct Limited Jurisdictional Discovery and, in the Alternative, an Extension to File its Opposition ("MBY's Motion for Jurisdictional Discovery or Additional Time to Respond") [Doc. No. 161]. On May 7, Cosmetic and Preferred filed a joint motion [Doc. No. 162] to join MBY's motion. On May 15, Atlantic filed a motion [Doc. No. 163] to join MBY's motion.

Z Glassing opposes these motions. Z Glassing's Opp. to MBY's Mot. [Doc. No. 168].

### III. Discussion

#### A. Z Glassing's Motion to Dismiss the MBY Complaint and MBY's Motion for Jurisdictional Discovery or Additional Time to Respond

In its Motion to Dismiss [Doc. No. 141] the MBY Complaint, Z Glassing contends that this court lacks personal jurisdiction over it because Z Glassing is not a citizen of Massachusetts and does not maintain the requisite minimum contacts with Massachusetts to satisfy the state's long-arm statute and the Fourteenth Amendment's Due Process Clause. Z Glassing asserts that it has not transacted business, contracted to supply services or things, committed a tortious act or omission, or caused tortious injury in Massachusetts, and the only attenuated connection between Z Glassing and Massachusetts is that Z Glassing repaired Silver's vessel in Florida several weeks before Silver brought it up to Massachusetts where the August 2022 explosion occurred. Mem. ISO Mot. to Dismiss MBY Compl. 5 [Doc. No. 144].

Z Glassing submitted a declaration in support of its motion to dismiss from Robert Zachelmeyer, a former member of Z Glassing, LLC. See Decl. of R. Zachelmeyer [Doc. No. 142-1] ("Zachelmeyer Decl."). Zachelmeyer states that Z Glassing was a limited liability company incorporated and with its principal place of business in Florida that dissolved in

November 2022. Id. ¶¶ 1–2. "The citizenship of a limited liability company is determined by the citizenship of its members." Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 55 (1st Cir. 2006). As per Z Glassing's Corporate Disclosure Statement [Doc. No. 145], it had two members: Robert Zachelmeyer and Rita Zachelmeyer, both of whom were residents of Florida during its existence.[2] Robert Zachelmeyer states that Z Glassing neither maintained offices, premises, or employees in Massachusetts at any point in time nor owned any property in Massachusetts or performed services for clients there. Zachelmeyer Decl. ¶¶ 5–6 [Doc. No. 142-1]. He states further that Z Glassing was not registered to do business in Massachusetts and maintained no financial accounts in Massachusetts, that all of Z Glassing's business operations were conducted solely within the state of Florida, and that Z Glassing did not advertise in Massachusetts, nor did it solicit business from Massachusetts in any way. Id. ¶¶ 7–9.

Robert Zachelmeyer states further that Z Glassing performed no work in relation to Silver's vessel in Massachusetts and that Z Glassing has never performed work on any vessel in Massachusetts. Id. ¶¶ 13–14. He also states that any agreement between Z Glassing and Petitioner Silver relative to performing work on Silver's vessel was between Z Glassing, a Florida citizen, and Silver, a Texas resident. Id. ¶ 10.

As its primary response to Z Glassing's motion to dismiss for lack of personal jurisdiction, MBY has moved for jurisdictional discovery. A plaintiff who files suit against a nonresident defendant and who makes a "colorable case for the existence of . . . jurisdiction" may be entitled to jurisdictional discovery. Negrón-Torres v. Verizon Commc'ns, Inc., 478 F.3d

---

[2] Since November 2022, Robert Zachelmeyer and Rita Zachelmeyer are residents of Hawaii. See Corp. Disclosure Stmt. [Doc. No. 145].

19, 27 (1st Cir. 2007) (quoting United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 625 (1st

Cir. 2001)). "In addition to making a colorable claim, it is also incumbent upon the plaintiff to

'present facts to the court which show why jurisdiction would be found if discovery were

permitted.'" Rain ex rel. Crandall v. Conn. Gen. Corp., 2019 WL 7604856, at *7 (D. Mass. Aug.

6, 2019) (quoting Negron-Torres, 478 F.3d at 27). "Failure to allege specific contacts, relevant to

establishing personal jurisdiction, in a jurisdictional discovery request can be fatal to that

request." Swiss Am. Bank, 274 F.3d at 626–27. A court retains "broad discretion" to decide

whether discovery is necessary. Id. at 626 (quoting Crocker v. Hilton Int'l Barb., Ltd., 976 F.2d

797, 801 (1st Cir. 1992)).

      Here, MBY claims that conducting jurisdictional discovery will provide "the opportunity

to develop facts sufficient to support personal jurisdiction as to Z Glassing." MBY's Mot. 4

[Doc. No. 161]. However, MBY has not alleged any jurisdictional facts that would suggest Z

Glassing has *even one* contact with the state of the Massachusetts, let alone enough to make a

"colorable case for the existence of . . . jurisdiction." Negrón-Torres, 478 F.3d at 27. The MBY

Complaint [Doc. No. 124] contains numerous allegations that could be relevant to Z Glassing's

potential *liability* for the August 2022 explosion. See MBY Compl. ¶ 16–28 [Doc. No. 124].

However, MBY's sole *jurisdictional* assertion is that Z Glassing is organized in and has its

principal place of business in Florida, see MBY Compl. ¶ 10 [Doc. No. 124], an allegation that

does not support jurisdiction in Massachusetts.

      MBY contends that it should be afforded the opportunity to test the averments in the

Zachelmeyer Declaration [Doc. No. 142-1] through jurisdictional discovery. MBY Mot. 5 [Doc.

No. 161]. In Surpitski v. Hughes-Keenan Corp., the First Circuit stated that "[a] plaintiff who is a

total stranger to a corporation should not be required, unless he has been undiligent, to try such

an issue on affidavits without the benefit of full discovery." 362 F.2d 254, 255–56 (1st Cir. 1966). There, however, the plaintiff had "at least made good headway [in establishing personal jurisdiction], and shown his position to not be frivolous." Id. Here, MBY has not even offered a "hunch" that discovery might yield jurisdictionally relevant facts. See LNS Enterprises LLC v. Continental Motors, Inc., 22 F4th 852, 861 (9th Cir. 2022) ("The mere hunch that discovery might yield jurisdictionally relevant facts was not adequately supported, given that defendants had already specifically rebutted unsupported jurisdictional allegations."). Z Glassing denied contacts with the state of Massachusetts in its initial declaration and has offered further averments in the second declaration. MBY has not provided any basis to controvert these assertions.

In the absence of a "colorable case for the existence of . . . jurisdiction," the request for jurisdictional discovery seems to be an effort to launch a "fishing expedition" that would not "yield any facts to establish personal jurisdiction." Sun Life Assur. Co. of Canada v. Sun Bancorp, Inc., 946 F. Supp. 2d 182 (D. Mass. 2012); see also Ericson v. Conagra Foods, Inc., 2020 WL 6912105, at *8 (D. Mass. Nov. 24, 2020) (denying a request for jurisdictional discovery on the basis that "[g]iven [the] uncontested facts [offered by Defendant], it is highly unlikely that jurisdiction will lie even if jurisdictional discovery were granted"). Therefore, MBY's request to conduct jurisdictional discovery into Z Glassing is denied.

In the alternative, MBY asks the court to grant it another extension to file an opposition to Z Glassing's Motion to Dismiss [Doc. No. 141]. The court has already granted MBY three extensions to respond to Z Glassing's motion; MBY has offered no basis to warrant another extension and has not raised *one* allegation that could support jurisdiction over Z Glassing. As a result, MBY's request for an extension is also denied.

Z Glassing has offered uncontested facts demonstrating that it did not maintain the requisite minimum contacts with Massachusetts to subject it to jurisdiction in this state. On the record before this court, Z Glassing was a citizen of Florida during its existence and the events that give rise to the claims against it. It has not transacted business, contracted to supply services or things, committed a tortious act or omission, or caused tortious injury in Massachusetts. Accordingly, Z Glassing's <u>Motion to Dismiss</u> [Doc. No. 141] the <u>MBY Complaint</u> is GRANTED.

### B.   <u>Atlantic, Cosmetic, and Preferred's Motions to Join</u>

Cosmetic and Preferred filed a joint motion [Doc. No. 162] to join <u>MBY's Motion for Jurisdictional Discovery and Additional Time to Respond</u>. Atlantic filed a motion [Doc. No. 163] to also join MBY's motion. Where the court has denied MBY's <u>Motion for Jurisdictional Discovery and Additional Time to Respond</u> [Doc. No. 161], the Motions to Join related to this request are DENIED as moot.

### C.   <u>Z Glassing's Motion to Dismiss the Atlantic Complaint</u>

Z Glassing filed a <u>Motion to Dismiss</u> [Doc. No. 143] the <u>Atlantic Complaint</u> on March 11, 2024. Pursuant to Local Rule 7.1(b)(2), Atlantic was required to file its opposition to Z Glassing's motion within fourteen days—i.e., by March 25, 2024. Atlantic did not file any response, other than the motion to join [Doc. No. 163]. Accordingly, Z Glassing's <u>Motion to Dismiss</u> [Doc. No. 143] the <u>Atlantic Complaint</u> [Doc. No. 122] for lack of personal jurisdiction is GRANTED as unopposed.

### D.   <u>Z Glassing's Motions to Dismiss Cosmetic's Cross-Claims</u>

Z Glassing also requested that Cosmetic's <u>Cross-Claims</u> against it [Doc. Nos. 131, 139] be dismissed as derivative of MBY's and Atlantic's claims respectively. Mot. to Dismiss MBY Compl. 2 [Doc. No. 141]; Mot. to Dismiss Atlantic Compl. 2 [Doc. No. 144]. Cosmetic, like

Atlantic, filed no response, and accordingly Cosmetic's <u>Cross-Claims</u> [Doc. Nos. 131, 139] are also DISMISSED.

        E.  <u>Preferred's Cross-Claims</u>

Preferred filed its <u>Cross-Claims</u> [Doc. No. 127] against Z Glassing on December 18, 2023, before Z Glassing appeared before this court in response to MBY's summons and Atlantic's service on February 24, 2024. <u>See</u> Not. of Appearance [Doc. No. 137]. As a result, Preferred's <u>Cross-Claims</u> against Z Glassing have not been served pursuant to either Federal Rule of Civil Procedure 4 or 5, and Z Glassing has not yet moved to dismiss Preferred's <u>Cross-Claims</u>.

However, Preferred's <u>Cross-Claims</u> are on the docket, <u>see</u> [Doc. No. 127]; Z Glassing has made an appearance on the docket; and Z Glassing has demonstrated awareness of Preferred's claims in its filings, <u>see</u> Z Glassing's Opp. 2 n.1 [Doc. No. 168] (noting Preferred's <u>Cross-Claims</u> against Z Glassing with the correct docket number and filing date). In light of these filings, Preferred shall file a Notice within two weeks of this order stating whether it still intends to pursue its claims against Z Glassing in Massachusetts. If Preferred's Notice states that it intends to pursue its claims here, the court deems service of Preferred's <u>Cross-Claims</u> [Doc. No. 122] effective as of the date the Notice is filed. Pursuant to Federal Rule of Civil Procedure 12(a)(1), Z Glassing shall file a responsive pleading, including a motion to dismiss for lack of personal jurisdiction, within twenty-one (21) days of the filing of the Notice and Preferred shall file its opposition to any such motion within fourteen (14) days thereafter.

**IV.   Conclusion**

For the foregoing reasons, MBY's <u>Motion for Leave to Conduct Limited Jurisdictional Discovery and, in the Alternative, an Extension to File an Opposition to Z Glassing's Motion to</u>

Dismiss [Doc. No. 161] its complaint is DENIED. Cosmetic, Preferred, and Atlantic's requests to join MBY's motion [Doc. Nos. 162, 163] are DENIED as moot.

Z Glassing's Motions to Dismiss [Doc. No. 141, 143] for lack of personal jurisdiction are GRANTED as to the MBY Complaint, the Atlantic Complaint, and Cosmetic's Cross-Claims [Doc. Nos. 131, 139].

IT IS SO ORDERED.

August 9, 2024                                          /s/ Indira Talwani
                                                       United States District Judge